HICKS v. COCKS et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

1. MUNICIPAL CORPORATIONS ☞1000—REMEDIES OF TAXPAYERS—MISAPPROPRIATION OF FUNDS—PARTIES.

In an action under Code Civ. Proc. § 1925, which authorizes an action to prevent waste of the funds of any town, against any of the officers, by a taxpayer, the town is not a necessary party, though it may voluntarily come in as a party.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2167–2172, 2198; Dec. Dig. ☞1000.]

2. MUNICIPAL CORPORATIONS ☞988—REMEDIES OF TAXPAYERS—MISAPPROPRIATION OF FUNDS—STATUTES.

Code Civ. Proc. § 1925, authorizing a taxpayer's action to prevent misappropriation of municipal funds by officers, should be given a somewhat liberal construction in favor of the remedy.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞988.]

3. MUNICIPAL CORPORATIONS ☞1000—REMEDIES OF TAXPAYERS—MISAPPROPRIATION OF FUNDS—PARTIES.

Under Code Civ. Proc. § 1925, authorizing a taxpayer's action to prevent the misappropriation of funds by municipal officers, recipients of the payments alleged to be wrongful need not be made parties.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2167–2172, 2198; Dec. Dig. ☞1000.]

4. MUNICIPAL CORPORATIONS ☞1000—REMEDIES OF TAXPAYERS—MISAPPROPRIATION OF FUNDS—COMPLAINT.

A complaint in an action under Code Civ. Proc. § 1925, by a taxpayer to prevent the misappropriation of town funds by town officers, which alleges that various sums were misappropriated and illegally paid by the officers with knowledge that they were without warrant of law, is sufficient, without alleging in the words of the statute that the misappropriations were a waste of, or injury to, the funds of the town, which allegation would be merely a conclusion of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2167–2172, 2198; Dec. Dig. ☞1000.]

Appeal from Special Term, Nassau County.

Action by John J. Hicks against James H. Cocks and another. From order overruling the demurrer to the amended complaint, the defendants appeal. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Henry A. Uterhart, of New York City (Alfred M. Schaffer, of New York City, on the brief), for appellants.

Percy L. Housel, of Riverhead, for respondent.

PER CURIAM. The complaint is by a taxpayer against the individuals who were respectively town supervisor and superintendent of highways of Oyster Bay. In separate causes of action, it charges illegal payments by the supervisor upon alleged unlawfully issued warrants by the superintendent of highways. The relief asked is that the defendants may be adjudged to restore the moneys to the town of Oyster Bay and that the town have judgment for such amounts.

[1, 2] One ground of demurrer is that the town of Oyster Bay is a necessary party. The statute authorizing such taxpayer's action (Code Civ. Proc. § 1925) has no requirement to join the municipality. The act was to enable the taxpayer himself to assert the rights of the municipality, by clothing the individual taxpayer with such a representative power. In favor of such a remedy against a use of public money contended to be illegal, a somewhat liberal construction should be given. Prince v. Crocker, 166 Mass. 347, 348, 44 N. E. 446, 32 L. R. A. 610; Annis v. McNulty, 51 Misc. Rep. 121, 130, 100 N. Y. Supp. 951; Id., 116 App. Div. 909, 101 N. Y. Supp. 1111. No doubt the town may voluntarily come in and make itself a party.

[3] Neither are the beneficiaries of these payments necessary to be joined. This is not an action to cancel a contract, or to annul any right of third persons. Indeed, a finding in favor of the plaintiff may not affect the rights of these payees. The policy of this legislation is to let a taxpayer squarely test the legality of such official acts, without having that issue clouded by complications arising from remedies as against third parties.

[4] Here the complaint charges various sums as misapplied, and illegally paid, with knowledge that the same were without warrant of law. This sufficed, without the averment, in the words of the Code, that such misappropriations were "waste of, or injury to," the funds of the town, which would be merely a pleader's conclusion of law.

Other grounds of demurrer have been considered, but are unfounded.

The order overruling the demurrer should be affirmed, with $10 costs and disbursements.